## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**AXEL ALESSANDRO CAMPOS-FLORES,**

    **Petitioner,**

        v.                                **Civil Action No. 3:25cv797**

**PAMELA BONDI,** *et al.,*

    **Respondents.**

### MEMORANDUM OPINION

This matter comes before the Court on Petitioner Axel Alessandro Campos-Flores'
("Petitioner") Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the
"Amended Petition"). (ECF No. 11.) In the Amended Petition, Mr. Campos-Flores challenges
his detention by Immigration and Customs Enforcement ("ICE"), arguing that ICE's failure to
provide Mr. Campos-Flores with a bond hearing under 8 U.S.C. § 1226 violates his statutory
right to such a hearing, his constitutional right to due process under the Fifth Amendment to the
United States Constitution, and the Administrative Procedures Act. (ECF No. 11 ¶¶ 39–89.)[1]

For the reasons articulated below, the Court will grant the Amended Petition. (ECF No.
11.) The Court will order Respondents to provide Mr. Campos-Flores with a bond hearing under
8 U.S.C. § 1226(a).

---

[1] Because the Court is granting relief on procedural due process grounds, it need not
address Mr. Campos-Flores' arguments based on the INA (Counts II and III), (ECF No. 11
¶¶ 47–60), and the APA, (Count V), (ECF No. 11 ¶¶ 81–89).

## I. Factual and Procedural Background

A.    **Factual Background**[2]

Mr. Campos-Flores is a citizen and native of El Salvador. (ECF No. 11 ¶¶ 1, 20, 26.)

On January 16, 2021, as a fifteen-year-old unaccompanied minor, Mr. Campos-Flores sought to

enter the United States. (ECF No. 11 ¶ 27.) Mr. Campos-Flores was arrested and served with a

Notice to Appear ("NTA")[3] charging him with being present in the United States without being

admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i).[4] (ECF No. 11 ¶ 27.)

Mr. Campos-Flores subsequently applied to be classified as a Special Immigrant Juvenile

("SIJ"). (*See* ECF No. 11 ¶ 28.) A judge in the District of Columbia found that Mr. Campos-

Flores' mother had neglected and abandoned him, and on August 6, 2022, the United States

Citizenship and Immigration Services ("USCIS") granted Mr. Campos-Flores' petition for SIJ

status. (ECF No. 11 ¶ 28.)[5] "In conjunction with its grant of Mr. Campos-Flores' petition for

[SIJ] status, USCIS granted him deferred action."[6] (ECF No. 11 ¶ 30.) Mr. Campos-Flores was

---

[2] As discussed below, the Court proceeds by dispelling with additional briefing and incorporating Respondents' filings in this Court's decision in *Sarmiento et al. v. Perry et al.*, 1:25-cv-01644 (AJT) (E.D. Va.). Because the Court has adopted this expedited schedule for ruling on the Amended Petition, neither party has received an opportunity to file a response or reply in which they might include sworn affidavits. Respondents have recently represented to the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Sarmiento*." (ECF No. 16, at 1.) Accordingly, the Court's recitation of the factual background relies on the facts as alleged in the Amended Petition.

[3] A Notice to Appear is a "'[c]harging document' that 'initiates a proceeding before an Immigration Judge.'" *Hasan v. Crawford*, —F. Supp. 3d—, 2025 WL 2682255, at *1 n.3 (E.D. Va. 2025) (quoting 8 C.F.R. § 1003.13).

[4] This removal proceeding was dismissed without prejudice in April 2023. (ECF No. 11 ¶ 32.)

[5] The Amended Petition repeatedly cites to exhibits. (*See, e.g.*, ECF No. 11 ¶ 28 (citing Exhibit C).) No exhibits are attached to the Amended Petition.

also provided with work authorization.  (ECF No. 11 ¶ 33.) "Since the approval of his petition

for [SIJ] protection in 2022, Mr. Campos-Flores has been waiting for an immigrant visa to

become available so he can apply to adjust his status to lawful permanent resident." (ECF No.

11 ¶ 31.)

Mr. Campos-Flores is now twenty years old.  (ECF No. 11 ¶ 26.)  Mr. Campos-Flores

was arrested by immigration officers on August 19, 2025 "while he was working as a landscaper

on the National Mall." (ECF No. 11 ¶ 33.)  "Following the arrest, immigration officers took Mr.

Campos-Flores from the National Mall to an ICE facility in Chantilly, Virginia."  (ECF No. 11

¶ 34.)  Mr. Campos-Flores was served with an NTA charging him with being present in the

United States without having been admitted or paroled in violation of 8 U.S.C.

§ 1182(a)(6)(A)(i) and being present in the United States without a valid entry document in

violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I).  (ECF No. 11 ¶ 34.)

On September 11, 2025, Mr. Campos-Flores attended a master calendar hearing before an

Immigration Judge in Annandale, Virginia.  (ECF No. 11 ¶ 35.)  At the hearing, Mr. Campos-

Flores contested the charges of removability and sought bond.  (ECF No. 11 ¶¶ 35, 36.)  "[T]he

Immigration Judge stated that he did not have jurisdiction to conduct a bond hearing" under the

Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. 216

(BIA 2025).  (ECF No. 11 ¶¶ 8, 36.)[7]  Mr. Campos-Flores "has been immigration custody since

---

[6] Deferred action "is a decision by Executive Branch officials not to pursue deportation
proceedings against an individual or class of individuals otherwise eligible for removal from this
country."  *Casa de Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 691–92 (4th Cir.
2019) (quotation omitted).

[7] The Immigration Judge "*advised* Mr. Campos-Flores, through his attorney, to withdraw
his bond request" because the judge "indicated that he lacked jurisdiction to hold a bond
hearing." (ECF No. 11 ¶ 8 (emphasis added).).

3

his August 19, 2025 arrest." (ECF No. 11 ¶ 38.)

On October 20, 2025, an Immigration Judge denied Mr. Campos-Flores' asylum application. (ECF No. 11 ¶ 37.) On October 22, 2025, "immigration officials terminated Mr. Campos-Flores' grant of deferred action." (ECF No. 11 ¶ 5.)

Mr. Campos-Flores has no criminal history in the United States or elsewhere. (ECF No. 11 ¶ 26.)

### B.    Procedural Background

On September 29, 2025, Mr. Campos-Flores filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) On October 6, 2025, the Court ordered Mr. Campos-Flores to file, within ten days, amended petition in compliance with Rule 2(c)(5) of the Rules Governing Section 2254 Cases.[8] (ECF No. 4.) Mr. Campos-Flores' amended petition was due on October 16, 2025. (*See* ECF No. 4.) On October 17, 2025, Mr. Campos-Flores filed a motion for a ten-day extension within which to file his amended petition. (ECF No. 8.) On October 21, 2025, the Court granted Mr. Campos-Flores' motion for extension of time, (ECF No. 8), extending the deadline by which Mr. Campos-Flores was required to file an amended petition to October 26, 2025, (ECF No. 9).

On October 29, 2025, Mr. Campos-Flores untimely filed the instant Amended Petition. (ECF No. 11.) On October 30, 2025, the Court ordered Mr. Campos-Flores to show cause as to why the Amended Petition should be deemed timely. (ECF No. 12.) On October 31, 2025, Mr. Campos-Flores replied to the Court's show cause order and explained the reason for the filing delay. (ECF No. 13.) On November 3, 2025, the Court deemed the Amended Petition, (ECF

---

[8] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

No. 11), timely filed *nunc pro tunc* and ordered respondents to file a response within thirty (30) days, (ECF No. 14).

On November 17, 2025, this Court filed an additional Order instructing Respondents to indicate whether the factual and legal issues presented in the instant Amended Petition materially differ from those presented in *Sarmiento et al. v. Perry et al.*, 1:25-cv-01644 (AJT) (E.D. Va.). (ECF No. 15.)  The Court additionally ordered that if no material differences existed, "each of the substantive filings in [*Sarmiento*] [would] be incorporated into this habeas proceeding," and the Court would issue a ruling "without further filings from the parties." (ECF No. 15, at 1–2.)

On November 21, 2025, Respondents timely filed their response. (ECF No. 16.)  In their response, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any *material fashion* from those presented in *Sarmiento*; namely, both the instant petition and *Sarmiento* concern whether an alien who is present in the United States with Special Immigrant juvenile (SIJ) status is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)." (ECF No. 16, at 1 (emphasis added).)  Consistent with the Court's Order, Respondents recommend that the Court "incorporate the filings in *Sarmiento* into the record of this habeas action." (ECF No. 16, at 2.)[9]

_____

[9] Respondents identified several non-material differences between the instant Amended Petition and the petition in *Sarmiento*.  First, the allegations in Counts II and III in the present Amended Petition "assert claims relating to the availability and legality of the potential removal of [Mr. Campos-Flores], an alien with SIJ status" that were not raised in *Sarmiento*. (ECF No. 16, at 2 (citing ECF No. 11 ¶¶ 47–60).)

Second, the "amended petition in *Sarmiento* include[s] allegations seeking class certification.  No such allegations are included in the instant petition." (ECF No. 16, at 2.)

The Court therefore incorporates the parties' merits briefing in *Sarmiento* into the record. *See Sarmiento*, 1:25-cv-1644 (AJT), ECF Nos. 12, 13 (E.D. Va.).  The Court also dispels with any further briefing by the parties.[10]

## II.  Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

---

Respondents contend that these differences are not material to the resolution of this case because "if the Court rules as it did in *Sarmiento*, it need not reach these claims." (ECF No. 16, at 2.)  The Court agrees.

The Court also observes that although the petition in *Sarmiento* includes allegations seeking class certification under Federal Rule of Civil Procedure 23(b)(2), the *Sarmiento* court has not yet ruled on class certification.  The Court therefore need not consider whether Mr. Campos-Flores' Amended Petition would be impacted by class certification in *Sarmiento*.

[10] Neither party raises a challenge to the Court's jurisdiction to consider the instant habeas petition.  As this Court has repeatedly found, it has jurisdiction to consider the Amended Petition. *See Duarte Escobar v. Perry*, 3:25-cv-758 (MHL), 2025 WL 3006742, at *6–8 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, No. 3:25-cv-773 (MHL), 2025 WL 3141103, at *4 (E.D. Va. Nov. 11, 2025); *Contreras-Perez v. Noem*, No. 3:25-cv-882 (MHL), 2025 WL 3281774, at *4 (E.D. Va. Nov. 25, 2025).

### III.  Analysis

The central question posed in Mr. Campos-Flores' Petition is whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[11] or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[12]  Mr. Campos-Flores contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  Specifically, Mr. Campos-Flores argues that (1) the

---

[11] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

   (1) may continue to detain the arrested alien; and

   (2) may release the alien on—

      (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

      (B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

[12] 8 U.S.C. § 1225 provides, in pertinent part:

(b) Inspection of applicants for admission

   (2) Inspection of other aliens

      (A) In general

      Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

7

discretionary detention provisions of 8 U.S.C. § 1226(a) entitle him to a bond hearing (Count 4),

(ECF No. 11 ¶¶ 61–80), and (2) that his Fifth Amendment due process rights bolster his

entitlement to such a hearing (Count 1), (ECF No. 11 ¶¶ 39–46).

In opposition, Respondents support the Court's incorporation of the arguments and

rationale recently rejected in *Sarmiento*, No. 1:25-cv-01644 (AJT), 2025 WL 3091140 (E.D. Va.

Nov. 5, 2025). *See also Duarte Escobar v. Perry*, 3:25-cv-758 (MHL), 2025 WL 3006742 (E.D.

Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 3:25-cv-773 (MHL), 2025 WL 3141103 (E.D. Va.

Nov. 11, 2025) (rejecting the same arguments made in *Duarte Escobar*); *Contreras-Perez v.

Noem*, No. 3:25-cv-882 (MHL), 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same).[13] Here, as

---

[13] Respondents' arguments have also been raised and decided throughout the country.
The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a)
pertains, meaning petitioners like Mr. Campos-Flores should receive a bond hearing. *See Quispe
Lopez v. Crawford*, No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *6 n.9 (E.D. Va. Sept. 29,
2025) (collecting thirty cases rejecting Respondents' arguments as of September 29, 2025).

In addition, dozens of courts in the Eastern District of Virginia (including this Court)
have rejected Respondents' position on eminently sound bases. *See, e.g., Hasan v. Crawford*, —
F. Supp. 3d. —, No. 1:25-cv-1408 (LMB), 2025 WL 2682255 (E.D. Va. 2025); *Quispe*, 2025
WL 2783799; *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382 (MSN), 2025 WL 2783800 (E.D. Va.
Sept. 30, 2025); *Vargas Nunez v. Lyons*, 1:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1,
2025); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025); *Gomez
Alonzo v. Simons*, 1:25-cv1587 (LMB), ECF No. 16 (E.D. Va. Oct. 1, 2025); *Perez Bibiano v.
Lyons*, 1:25-cv-1590 (LMB), ECF No. 8 (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-
cv-1429 (MSN), ECF No. 16 (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511
(MSN), ECF No. 9 (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-1525 (MSN), ECF No.
8 (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, 1:25-cv-1634 (LMB), ECF No. 12 (E.D. Va.
Oct. 8, 2025); *Maldonado Merlos v. Noem*, 1:25-cv-1645 (LMB), ECF No. 11 (E.D. Va. Oct. 9,
2025); *Alfaro v. Lyons*, 1:25-cv1569 (AJT), ECF No. 11 (E.D. Va. Oct. 11, 2025); *Singh v.
Lyons*, No. 1:25-cv-01606 (AJT), 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*,
No. 1:25-cv-01665 (MSN), 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez v.
Crawford*, No. 1:25-cv-01565, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v.
Simon*, No. 1:25-cv-01616 (AJT), 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*,
No. 1:25-cv-1666 (AJT), 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*,
No. 1:25-cv-1443 (MSN), ECF No. 12 (E.D. Va. Oct. 27, 2025); *Duarte Escobar*, 2025 WL
3006742; *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA), ECF No. 12 (E.D. Va. Oct. 29,
2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB), ECF No. 18 (E.D. Va. Oct. 29, 2025);

in *Sarmiento*, Respondents insist (1) that Mr. Campos-Flores' detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, (*Sarmiento*, ECF No. 12, at 8–20); and (2) that Mr. Campos-Flores' constitutional due process rights have not been violated, (*Sarmiento*, ECF No. 12, at 20–28).[14]

The parties' arguments as to all challenges raised are substantially similar to others made in recent § 2241 habeas actions in the Eastern District of Virginia, including three cases decided by this Court. Indeed, Respondents acknowledge that their arguments have previously been rejected by numerous Courts in this District. (*Sarmiento*, ECF No. 12, at 1 n. 1.) Mr. Campos-Flores' Amended Petition raises no new issues, and Respondents raise no new arguments, that would compel a different outcome.

The Court concludes that 8 U.S.C. § 1226(a) and the Fifth Amendment entitle Mr. Campos-Flores to a bond hearing. Accordingly, the Court will grant the Amended Petition. (ECF No. 11.)

---

*Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG), ECF No. 13 (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG), ECF No. 22 (E.D. Va. Nov. 21, 2025). No Court in this District has found otherwise.

The Court recognizes that a small minority of district courts have accepted Respondents' arguments. *See, e.g.*, *Chavez v. Noem*, — F. Supp. 3d —, 2025 WL 2730228, at *4–5 (S.D. Cal. 2025); *Vargas Lopez v. Trump*, — F. Supp. 3d —, 2025 WL 2780351, at *7–10 (D. Neb. 2025). These decisions do not alter this Court's determination.

[14] Respondents do not argue that Mr. Campos-Flores has failed to exhaust his administrative remedies, and they therefore waive any argument on this point. The Court notes, however, that even had Respondents raised an exhaustion defense, they would not prevail, because exhausting Mr. Campos-Flores' administrative remedies prior to filing his Amended Petition would be futile. *See Duarte Escobar*, 2025 WL 3006742, at *5.

A.    **Mr. Campos-Flores is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226**

Mr. Campos-Flores argues that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2). (ECF No. 11 ¶¶ 61–80.) According to Respondents, Mr. Campos-Flores' detention is lawful under the INA because Mr. Campos-Flores was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention. (*Sarmiento*, ECF No. 12, at 8–20.)

For the reasons stated by Senior United States District Judge Anthony Trenga in *Sarmiento*, by this Court in *Duate Escobar*, as well as dozens of other decisions issued by courts in this District on the same issue, this Court concludes that Mr. Campos-Flores' detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1226(b)'s mandatory detention procedures. *Sarmiento*, 2025 WL 3091140, at *2–3; *Duarte Escobar*, 2025 WL 3006742, at *8–13. This argument fails.

Mr. Campos-Flores has been present in the United States for four years. He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the country" whereas § 1225 governs "aliens seeking admission into the country").[15] For the reasons set out in *Sarmiento* and *Duarte*

---

[15] The Court observes that, for decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than

10

*Escobar*, the plain text of the INA,[16] Supreme Court precedent, district court decisions around

the country, and decades of practice support this conclusion. *Duarte Escobar*, 2025 WL

3006742, at \*8–13; *see Sarmiento*, 2025 WL 3091140, at \*2.  Mr. Campos-Flores is therefore

entitled to a bond hearing under § 1226(a) and its implementing regulations.

---

[the discretionary detention provisions of section 1226], is the applicable immigration detention
authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 217–18
(D. Mass 2025).  The July memorandum characterized, seemingly for the first time, all
noncitizens who entered the United States without inspection as doing so "seeking admission,"
no matter how much time passed between their entrance into the United States and their
apprehension by law enforcement.

On September 5, 2025, the Board of Immigration Appeals ("BIA") released a
precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons'
memorandum.  "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered
the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C.
§ 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v.
Soto*, No. 25-cv-16200, 2025 WL 2976572, at \*1 (D.N.J. Oct. 22, 2025) (citing *Hurtado*, 29 I&N
Dec. at 227–29).

The Court owes the BIA no deference in its interpretation of the INA and interprets
§§ 1225 and 1226 *de novo*.  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96
(2024).

[16] As this Court explained in *Duarte Escobar*, § 1225 requires that an applicant be
"seeking admission" to the United States.  8 U.S.C. § 1225(b)(2).  The statute's use of active
language suggests that an alien must be taking *active* steps towards "seeking admission" to the
United States.  Presence in the country is not enough.  *Duarte Escobar*, 2025 WL 3006742, at
\*9.  To find otherwise, as Respondents (again) ask this Court to do, would render other
provisions of the INA superfluous.  *Id.* at \*9–10.

B.    **Mr. Campos-Flores' Fifth Amendment Due Process Rights Have Been Violated**

Mr. Campos-Flores also argues that his detention without a bond hearing violates his due process rights under the Fifth Amendment's Due Process Clause.[17]  (ECF No. 11 ¶¶ 81–89.) Respondents contend that Mr. Campos-Flores' due process rights are governed only by the INA, rather than the Fifth Amendment's Due Process Clause, and that even if Mr. Campos-Flores is subject to the Fifth Amendment's Due Process protections, denying him a bond hearing does not violate his constitutional rights.  (*Sarmiento*, ECF No. 12, at 20–27.)

For the reasons articulated in *Sarmiento* and *Duarte Escobar*, the Court finds that Mr. Campos-Flores' due process rights are governed by the Fifth Amendment and that his continued detention under 8 U.S.C. § 1225 without a bond hearing violates his due process rights. *Sarmiento*, 2025 WL 3091140, at \*3; *Duarte Escobar*, 2025 WL 3006742, at \*14–16. Specifically, the Court finds that all three *Mathews* factors weigh in Mr. Campos-Flores' favor: (1) he has a strong private interest in remaining free from physical detention; (2) there is a significant risk of erroneous deprivation of his due process rights because he is entitled to a bond hearing under § 1226(a) that he has not received; and, (3) respondents have failed to demonstrate a compelling government interest in detaining Mr. Campos-Flores without a bond hearing.

---

[17]  The Fifth Amendment to the United States Constitution provides, in pertinent part:

No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

*See Sarmiento*, 2025 WL 3091140, at *3; *Duarte-Escobar*, 2025 WL 3006742, at *14–16 (citing

*Mathews v. Eldridge*, 424 U.S. 319 (1976)).[18]

### C.    Mr. Campos-Flores' SIJ Status Bolsters His Entitlement to a Bond Hearing Under § 1226(a)

As the court observed *Sarmiento*, the grant of SIJ status to Mr. Campos-Flores—a fact

not present in *Duarte-Escobar*, *Perry*, or most of the similar opinions in this District and across

the country—strengthens his arguments. *Sarmiento*, 2025 WL 3091140, at *3.  SIJ status is a

"protective classification designed by Congress to safeguard abused, abandoned, or neglected

alien children who are able to meet its rigorous eligibility requirements." *Osorio-Martinez v.*

*Att'y Gen. United States of Am.*, 893 F.3d 153, 158 (3d Cir. 2018); *see also Joshua M. v. Barr*,

439 F. Supp. 3d 632, 656–57 (E.D. Va. 2020) (describing the demanding eligibility requirements

SIJ applicants must meet); 8 U.S.C. § 1101(a)(27)(J) (codifying SIJ status).[19]  "The protections

---

[18] Mr. Campos-Flores also argues that his continued detention without a bond hearing violates his substantive due process rights. (ECF No. 11 ¶¶ 41–42.)  Because the Court finds that his detention violates his procedural due process rights, the Court need not reach that claim. *See Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) (finding that denial of a bond hearing to a petitioner with SIJ status violated his procedural due process rights); *Sarmiento*, 2025 WL 3091140, at *3.

[19] 8 U.S.C. § 1101(a)(27) provides, in relevant part:

(a) As used in this chapter—

* * *

(27) The term "special immigrant" means—

　　* * *

　　(J) An immigrant who is in present in the United States—

　　　　(i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States,

---

afforded to children with SIJ status include an array of statutory and regulatory rights and safeguards, such as eligibility for application of adjustment of status to that of lawful permanent residents (LPR), exemption from various grounds of inadmissibility, and robust procedural protections to ensure their status is not revoked without good cause." *Osorio-Martinez*, 893 F.3d at 158. These protections include "at least 'minimum due process rights.'" *Id.* After all, SIJ designees are a "hair's breadth from being able to adjust their status, pending only the availability of immigrant visas and the approval of the Attorney General." *Id.* And "[t]his proximity to LPR status is significant because the lawful permanent resident is the quintessential example of an alien entitled to 'broad constitutional protections.'" *Id.*; *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 918–19 (E.D. Va. 2024) (finding petitioner with SIJ status was entitled to due process protections under the Fifth Amendment and a bond hearing before an immigration judge).

Here too, Mr. Campos-Flores' SIJ status affords him "at least minimum due process rights": a bond hearing under § 1226(a). *Sarmiento*, 2025 WL 3091140, at *3.

---

and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

(ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status[.]

8 U.S.C. § 1101(27)(J).

## IV.  Conclusion

Respondents again encourage the Court to ignore clear statutory text, binding precedent from the Supreme Court, dozens of cases from within its own District and around the country, and decades of practice.  The Court again declines that invitation.

Because Mr. Campos-Flores has been in the United States for four years and because § 1226(a) sets for "the default rule" for detaining and removing aliens "already present in the United States," *Jennings*, 583 U.S. at 202, Mr. Campos-Flores' detention is governed by § 1226(a).  And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge at which the government must prove by clear and convincing evidence that he poses a danger to the community, or by a preponderance of the evidence that he is a flight risk if the government seeks to continue detaining Mr. Campos-Flores.  8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).[20]  Unless and until Respondents meet that burden, Mr. Campos-Flores' continued detention is unlawful.

---

[20] 8 C.F.R. § 1236.1(d)(1) provides, in relevant part:

> After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority [under § 1226] . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter.

8 C.F.R. § 1236.1(d)(1).

For the reasons articulated above, the Court will grant Mr. Campos-Flores' Amended Petition, (ECF No. 11), and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: 12/2/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

16